# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY FREENEY,<br><br>                 Plaintiff,<br><br>vs.<br><br>JESSE GALVIN,<br><br>                 Defendant. | **8:19CV557**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against his manager at Sonic Drive-In for "Racial prejudice and religion prejudice. Plus making death threats towards everyone." (Filing 1 at CM/ECF p. 3.) Plaintiff alleges that his manager calls him and other crew members "jews"; calls him a "retarded nigger"; and makes "sexual slurs towards other crew members." (Filing 1 at CM/ECF p. 4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Americans United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Sometimes private persons—like the Defendant here—can be liable under section 1983 when the private party is a "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Here, Plaintiff's purported section 1983 claim against the manager of his private place of employment is not cognizable because Plaintiff's manager is not a

state actor, nor has Plaintiff alleged that his manager was engaged in joint action with the state or its agents such that his manager's actions can be characterized as actions of the state. *See Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995) (private restaurant manager not liable under § 1983 when there was no evidence that manager and police officer had "any understanding, tacit or explicit, to deprive [the plaintiff] of any right secured by the Constitution or laws of the United States"); *Smith v. Dollar Gen. Store*, No. 1:18-CV-179, 2019 WL 148657, at *3 (E.D. Tenn. Jan. 9, 2019) (plaintiff failed to state § 1983 claim against store manager when plaintiff did not allege that manager conspired with state actor); *Carroll v. City of New Brunswick*, No. CIV.A. 10-170 MLC, 2015 WL 519211, at *1 (D.N.J. Feb. 9, 2015) (unpublished) (plaintiff was barred from asserting § 1983 claim against restaurant manager because he was not state actor); *Pickett v. Dollar Gen. Stores*, No. 5:12-CV-00919, 2012 WL 7009009, at *3 (N.D. Ala. Dec. 26, 2012), *report and recommendation adopted*, No. 5:12-CV-00919, 2013 WL 450555 (N.D. Ala. Feb. 4, 2013) (§ 1983 claim against store manager failed when plaintiff did not allege facts showing that manager reached understanding with state officials to interfere with plaintiff's civil rights); *Wilkes v. Walgreen's Store*, No. C 07-2010MJJPR, 2007 WL 2222212, at *1 (N.D. Cal. July 30, 2007) (plaintiff's § 1983 claim against store manager not cognizable because private citizens are not state actors).[1]

Accordingly,

---

[1] Although Plaintiff does not request leave to amend his Complaint, such leave shall not be granted sua sponte because any such amendment would be futile due to Plaintiff's failure to state a claim upon which relief can be granted. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").

IT IS ORDERED that Plaintiff's Complaint is dismissed with prejudice[2] for failure to state a claim upon which relief can be granted, and judgment will be entered by separate document.

Dated this 15th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] *See Hahn v. Bauer*, 393 F. App'x 413, 414 (8th Cir. 2010) (affirming district court's dismissal with prejudice of § 1983 claims for failure to state a claim when plaintiff's claims were not viable under § 1983) (unpublished).